UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:19-cr-024-RLY-MPB |
| | ) | |
| CENTRAL HOLMAN IV, | ) | -01 |
| GARY WAYNE FORSTON, | ) | -02 |
| JASON KYLE WILSON, | ) | -03 |
| ADAM LAFFERTY, | ) | -04 |
| SHANE LEWIS, | ) | -05 |
| JAMES BENTON, | ) | -06 |
| BRIAN EDEN, | ) | -07 |
| PAUL OVERBY | ) | -08 |
| KIMBERLY WILSON, | ) | -09 |
| JESSE WILSON | ) | -10 |
| MATTHEW MEREDITH, | ) | -11 |
| CLARENCE GRUBBS, | ) | -12 |
| DANIEL WISCAVER, | ) | -13 |
| APRIL MARTIN | ) | -14 |
| and, | ) | |
| DEREK SANDER, | ) | -15 |
| | ) | |
| Defendants | ) | |

## **SUPERSEDING INDICTMENT**

### **Count One**

[21 U.S.C. § 846 – Conspiracy to Distribute Methamphetamine]

The Grand Jury charges that:

Beginning on a date unknown to the Grand Jury, but at least as early as March 1, 2019,

and continuing up to and through November 19, 2019, in the Southern District of Indiana, and

elsewhere, CENTRAL HOLMAN IV, GARY WAYNE FORSTON, JASON KYLE WILSON,

1

ADAM LAFFERTY, SHANE LEWIS, JAMES BENTON, BRIAN EDEN, PAUL OVERBY, KIMBERLY WILSON, JESSE WILSON, MATTHEW MEREDITH, CLARENCE GRUBBS, DANIEL WISCAVER, and APRIL MARTIN, defendants herein, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

## OBJECT OF THE CONSPIRACY

The participants in the conspiracy sought to enrich themselves through the distribution and sale of methamphetamine and to acquire tangible and intangible benefits from the use, possession, distribution, and sale of methamphetamine in the Southern District of Indiana.

## MANNER AND MEANS

1.     CENTRAL HOLMAN IV ("HOLMAN") was the source of supply of methamphetamine for the conspiracy.   GARY WAYNE FORSTON ("FORSTON) and JASON KYLE WILSON ("JASON WILSON") were leaders and supervisors of the conspiracy to distribute and possess with the intent to distribute methamphetamine.   FORSTON and JASON WILSON would obtain large quantities of methamphetamine from HOLMAN for distribution within the Southern District of Indiana.

2.     After acquiring the methamphetamine, FORSTON and JASON WILSON would then distribute the methamphetamine in the southern Indiana area to mid-level distributors. Mid-level distributors within the organization included ADAM LAFFFERTY ("LAFFERTY"), SHANE LEWIS ("LEWIS"), JAMES BENTON ("BENTON"), BRIAN EDEN ("EDEN"),

PAUL OVERBY ("OVERBY"), KIMBERLY WILSON ("K. WILSON"), JESSE WILSON ("JESSE WILSON"), MATTHEW MEREDITH ("MEREDITH"), CLARENCE GRUBBS ("GRUBBS"), DANIEL WISCAVER ("WISCAVER"), and APRIL MARTIN ("MARTIN"). Mid-level distributors would then distribute the methamphetamine to low-level distributors or users.

 3. Throughout the conspiracy, members of the conspiracy distributed the methamphetamine on a "front," wherein they provided quantities of methamphetamine on consignment to other methamphetamine distributors, receiving payment for the consigned methamphetamine after its sale by the other distributors.

 4. The defendants used telephones to facilitate the methamphetamine trafficking operation outlined herein.   During the course of the conspiracy, the defendants spoke on telephones, at times, using code language, and used text messages and to discuss matters relative to their methamphetamine trafficking operation.   The defendants also used social media applications, including Facebook, to facilitate the methamphetamine trafficking operation.

 5. The defendants used motor vehicles, including motorcycles, to transport methamphetamine and United States currency constituting the proceeds of the sale of methamphetamine to and from the Southern Indiana area.

 6. Members of the conspiracy maintained sizeable amounts of cash to obtain quantities of methamphetamine or to pay for methamphetamine previously provided on consignment.

 7. Various residences and properties were used by the defendants to store methamphetamine, firearms, and United States currency generated from the sale and distribution

3

of methamphetamine, and from which to distribute and receive payment for the methamphetamine during the course of the conspiracy.   Among the locations used was a property located at 1104 East Diamond Avenue, Evansville, Indiana (also known as the Grim Reaper Motorcycle Club ("GRMC") Clubhouse), and locations on South Morton Avenue, Evansville, Indiana, Harmony Way, Evansville, Indiana, Culverson Avenue, Evansville, Indiana, Volkman Road, Evansville, Indiana, and Creek Branch Cove, Owensboro, Kentucky.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, that is to possess with the intent to distribute and to distribute methamphetamine, the members of the conspiracy did commit, among others, the following overt acts:

1.      On or about June 15, 2019, JASON WILSON possessed with the intent to distribute methamphetamine.

2.      On or about July 4, 2019, HOLMAN distributed methamphetamine to LAFFERTY.

3.      On or about July 6, 2019, HOLMAN distributed methamphetamine to LAFFERTY.

4.      On or about July 12, 2019, HOLMAN distributed methamphetamine to LAFFERTY.

5.      On or about July 16, 2019, HOLMAN distributed methamphetamine to LAFFERTY.

6.      On or about July 21, 2019, FORSTON provided U.S. currency to LAFFERTY for the purchase of methamphetamine.

7.      On or about July 24, 2019, HOLMAN distributed methamphetamine to LAFFERTY.

8.      On or about July 24, 2019, FORSTON distributed methamphetamine to EDEN.

9.      On or about July 26, 2019, FORSTON distributed methamphetamine to EDEN.

10.     On or about July 27, 2019, HOLMAN distributed methamphetamine to LAFFERTY.

11.     On or about July 28, 2019, HOLMAN distributed methamphetamine to LAFFERTY and/or FORSTON.

12.     On or about July 28, 2019, FORSTON distributed methamphetamine to LEWIS.

13.     On or about July 26, 2019, FORSTON distributed methamphetamine to EDEN.

14.     On or about July 29, 2019, FORSTON distributed methamphetamine to MARTIN and/or BENTON.

15.     On or about July 30, 2019, FORSTON distributed methamphetamine to EDEN.

16.     On or about July 31, 2019, HOLMAN distributed methamphetamine to FORSTON.   GRUBBS drove FORSTON to the distribution location.

17.     On or about August 2, 2019, HOLMAN distributed methamphetamine to FORSTON.

18.     On or about August 2, 2019, FORSTON distributed methamphetamine to LEWIS.

19.     On or about August 2, 2019, FORSTON distributed methamphetamine to EDEN.

20.     On or about August 3, 2019, FORSTON distributed methamphetamine to LAFFERTY.

21.     On or about August 3, 2019, FORSTON distributed methamphetamine to LEWIS.

22.     On or about August 4, 2019, HOLMAN distributed methamphetamine to FORSTON.

23.     On or about August 4, 2019, FORSTON distributed methamphetamine to an individual known to the Grand Jury at the GRMC clubhouse.

24.     On or about August 4, 2019, FORSTON distributed methamphetamine to EDEN.

25.     On or about August 6, 2019, HOLMAN distributed methamphetamine to FORSTON.

26.     On or about August 6, 2019, FORSTON distributed methamphetamine to LEWIS.

27.     On or about August 8, 2019, FORSTON distributed methamphetamine to EDEN.

28.     On or about August 10, 2019, HOLMAN distributed methamphetamine to LAFFERTY.

29.     On or about August 11, 2019, FORSTON distributed methamphetamine to EDEN.

30.     On or about August 14, 2019, FORSTON distributed methamphetamine to LEWIS.

31.     On or about August 16, 2019, FORSTON distributed methamphetamine to LEWIS.

32.     On or about August 19, 2019, FORSTON distributed methamphetamine to EDEN.

33.     On or about August 22, 2019, LEWIS provided U.S. currency to FORSTON for previously fronted methamphetamine.

34.     On or about August 23, 2019, FORSTON distributed methamphetamine to EDEN.

35.     On or about August 25, 2019, FORSTON distributed methamphetamine to LEWIS.

36.     On or about September 5, 2019, FORSTON distributed methamphetamine to BENTON.   MARTIN collected the money from BENTON for FORSTON and arranged the delivery of methamphetamine to BENTON.

37.     On or about September 10, 2019, FORSTON distributed methamphetamine to EDEN.

38.     On or about September 10, 2019, FORSTON distributed methamphetamine to MARTIN.

39.     On or about September 13, 2019, HOLMAN distributed methamphetamine to FORSTON.

40.     On or about September 13, 2019, FORSTON distributed methamphetamine to BENTON.

41.     On or about September 13, 2019, FORSTON distributed methamphetamine to JESSE WILSON.

42.     On or about September 14, 2019, FORSTON distributed methamphetamine to BENTON.   MARTIN delivered the methamphetamine to BENTON at FORSTON's direction. BENTON provided MARTIN United States currency for the methamphetamine.

43.     On or about September 16, 2019, HOLMAN distributed methamphetamine to FORSTON.

7

44.     On or about September 17, 2019, 2019, FORSTON distributed methamphetamine to EDEN.

45.     On or about September 18, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

46.     On or about September 19, 2019, FORSTON distributed methamphetamine to LEWIS.

47.     On or about September 20, 2019, HOLMAN distributed methamphetamine to FORSTON.

48.     On or about September 20, 2019, FORSTON distributed methamphetamine to LAFFERTY.

49.     On or about September 20, 2019, FORSTON distributed methamphetamine to BENTON.

50.     On or about September 20, 2019, FORSTON distributed methamphetamine to MARTIN.

51.     On or about September 21, 2019, FORSTON distributed methamphetamine to BENTON.   K. WILSON delivered the methamphetamine to BENTON on behalf of FORSTON.

52.     On or about September 21, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

53.     On or about September 22, 2019, HOLMAN distributed methamphetamine to FORSTON.

54.     On or about September 22, 2019, FORSTON distributed methamphetamine to JESSE WILSON.

55.     On or about September 22, 2019, FORSTON distributed methamphetamine to MEREDITH.

56.     On or about September 23, 2019, FORSTON distributed methamphetamine to EDEN.

57.     On or about September 24, 2019, FORSTON distributed methamphetamine to EDEN.

58.     On or about September 25, 2019, HOLMAN distributed methamphetamine to FORSTON.

59.     On or about September 27, 2019, FORSTON distributed methamphetamine to LEWIS.

60.     On or about September 27, 2019, FORSTON distributed methamphetamine to BENTON.

61.     On or about September 27, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

62.     On or about September 28, 2019, HOLMAN distributed methamphetamine to FORSTON.

63.     On or about September 28, 2019, FORSTON distributed methamphetamine to LEWIS.

64.     On or about September 28, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

65.     On or about September 29, 2019 FORSTON distributed methamphetamine to LEWIS.

66.     On or about September 30, 2019, FORSTON distributed methamphetamine to MEREDITH at the GRMC.

67.     On or about October 1, 2019, HOLMAN distributed methamphetamine to FORSTON.   K. WILSON drove FORSTON to the distribution location.

68.     On or about October 2, 2019, FORSTON distributed methamphetamine to BENTON.   K. WILSON delivered the methamphetamine to BENTON at FORSTON's direction.

69.     On or about October 3, 2019, HOLMAN distributed methamphetamine for FORSTON.

70.     On or about October 3, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

71.     On or about October 4, 2019, FORSTON distributed methamphetamine to BENTON.

72.     On or about October 4, 2019, FORSTON distributed methamphetamine to MEREDITH.

73.     On or about October 7, 2019, HOLMAN distributed methamphetamine to FORSTON.

74.     On or about October 7, 2019, FORSTON distributed methamphetamine to BENTON and MARTIN.

75.     On or about October 9, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

76. On or about October 11, 2019, HOLMAN distributed methamphetamine to FORSTON.

77. On or about October 13, 2019, HOLMAN distributed methamphetamine to FORSTON.

78. On or about October 14, 2019, FORSTON distributed methamphetamine to MEREDITH.

79. On or about October 16, 2019, HOLMAN distributed methamphetamine to FORSTON.

80. On or about October 16, 2019, EDEN possessed with the intent to distribute methamphetamine.

81. On or about October 17, 2019, FORSTON distributed methamphetamine to JESSE WILSON.

82. On or about October 18, 2019, FORSTON distributed methamphetamine to JESSE WILSON.  K. WILSON provided the methamphetamine to JESSE WILSON at FORSTON's direction.

83. On or about October 19, 2019, HOLMAN distributed methamphetamine to FORSTON.

84. On or about October 22, 2019, HOLMAN distributed methamphetamine to FORSTON.

85. On or about October 22, 2019, FORSTON distributed methamphetamine to JESSE WILSON.

86.    On or about October 26, 2019, FOSRTON distributed methamphetamine to MEREDITH.

87.    On or about October 17, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

88.    On or about October 27, 2019, HOLMAN distributed methamphetamine to FORSTON.

89.    On or about October 28, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

90.    On or about October 30, 2019, HOLMAN distributed methamphetamine to FORSTON.

91.    On or about October 30, 2019, FORSTON distributed methamphetamine to MEREDITH.

92.    On or about October 31, 2019, FORSTON distributed methamphetamine to BENTON.

93.    On or about November 1, 2019, FOSRTON distributed methamphetamine to MEREDITH.

94.    On or about November 2, 2019, FORSTON distributed methamphetamine to BENTON.

95.    On or about November 3, 2019, HOLMAN distributed methamphetamine to FORSTON.

96.    On or about November 5. 2019, FORSTON distributed methamphetamine to MEREDITH.

97.     On or about October 17, 2019, FORSTON distributed methamphetamine to JESSE WILSON at the GRMC.

98.     On or about November 4, 2019, JESSE WILSON distributed methamphetamine to a person known to the Grand Jury.

99.     On or about November 5, 2019, FORSTON distributed methamphetamine to BENTON.

100.    On or about November 6, 2019, HOLMAN distributed methamphetamine to FORSTON.

101.    On or about November 9, 2019, HOLMAN distributed methamphetamine to FORSTON.

102.    On or about November 15, 2019, FORSTON provided U.S. currency to HOLMAN for previously fronted methamphetamine.

103.    On or about November 19, 2019, HOLMAN possessed with the intent to distribute methamphetamine.

104.    On or about November 19, 2019, FORSTON possessed with the intent to distribute methamphetamine.

105.    On or about November 19, 2019, LAFFERTY possessed with the intent to distribute methamphetamine.

## Count Two

[21 U.S.C. § 841 – Possess with the Intent to Distribute Methamphetamine]

The Grand Jury further charges that:

On or about June 15, 2019, in Vanderburgh County, in the Southern District of Indiana, JASON KYLE WILSON, a defendant herein, possessed with the intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

All of which is in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

### Count Three

[18 U.S.C. § 924(c)(1)(A)(i)-Possession of a Firearm in Furtherance of a Drug Trafficking Crime]

The Grand Jury further charges that:

On or about June 15, 2019, within the Southern District of Indiana, JASON KYLE WILSON, a defendant herein, did knowingly use, carry, and possess a firearm, during, in relation to, and in furtherance of a drug trafficking crime, which may be prosecuted in a court of the United States, to wit: possession with the intent to distribute methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), as charged in Count Two of this Indictment.

All of which is in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### Count Four

[18 U.S.C. § 922(g) – Possession of a Firearm by a Felon]

The Grand Jury further charges that:

On or about June 15, 2019, in the Southern District of Indiana, JASON KYLE WILSON, a defendant herein, did knowingly possess in commerce and affecting commerce a firearm, to wit: one Ruger .380 caliber handgun, Model ACP bearing serial number 372051106, after

14

having knowingly been convicted of a felony offense punishable by a term of imprisonment exceeding one (1) year, that is, a felony Trafficking in a Controlled Substance in the First Degree (Methamphetamine) in Marshall County, Kentucky, under cause number 10-CR-0054, on or about April 1, 2011.

All of which is in violation of Title 18, United States Code, Section 922(g).

### Count Five

[18 U.S.C. § 922(d) and 924(a)(2)- Providing a Firearm to a Prohibited Person]

The Grand Jury further charges that:

On or about August 10, 2019, in the Southern District of Indiana, defendant, SHANE LEWIS, a defendant herein, knowingly provided a firearm, to wit: a Sarsilmaz, model SARK2P, handgun, bearing serial number T110215C00562, to GARY WAYNE FORSTON, knowing or having reasonable cause to believe that GARY WAYNE FORSTON had been convicted of a crime punishable by imprisonment for a term exceeding one year.

All of which is in in violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

### Count Six

[18 U.S.C. § 922(d) and 924(a)(2)- Providing a Firearm to a Prohibited Person]

The Grand Jury further charges that:

On or about September 22, 2019, in the Southern District of Indiana, defendant, DEREK SANDER, a defendant herein, knowingly provided a firearm, to wit: a Derya Arms, model VR-60, shotgun, bearing serial number R046763, to GARY WAYNE FORSTON, knowing or having reasonable cause to believe that GARY WAYNE FORSTON had been convicted of a crime

punishable by imprisonment for a term exceeding one year.

All of which is in in violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

## Count Seven

[21 U.S.C. § 841 – Possess with the Intent to Distribute Methamphetamine]

The Grand Jury further charges that:

On or about October 16, 2019, in Vanderburgh County, in the Southern District of Indiana, BRIAN EDEN, a defendant herein, possessed with the intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

All of which is in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

## Count Eight

[21 U.S.C. § 841 –Distribution of Methamphetamine]

The Grand Jury further charges that:

On or about August 4, 2019, in Vanderburgh County, in the Southern District of Indiana, GARY WAYNE FORSTON, a defendant herein, knowingly distributed 50 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

All of which is in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

## Count Nine

16

[18 U.S.C. § 924(c)(1)(A)(i)-Possession of a Firearm in Furtherance of a Drug Trafficking Crime]

The Grand Jury further charges that:

On or about August 4, 2019, in Vanderburgh County, in the Southern District of Indiana, GARY WAYNE FORSTON, a defendant herein, did knowingly use, carry, and possess a firearm, during, in relation to, and in furtherance of a drug trafficking crime, which may be prosecuted in a court of the United States, to wit:    distribution of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), as charged in Count Eight of this Indictment.

All of which is in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### Count Ten

[18 U.S.C. § 922(g)(1)- Felon in Possession of a Firearm]

The Grand Jury further charges that:

On or about November 19, 2019, in Vanderburgh County, in the Southern District of Indiana, GARY WAYNE FORSTON, a defendant herein, did knowingly possess in commerce and affecting commerce one or more firearms, to wit: a Mossberg 12 gauge shotgun, bearing serial number J333721, a Smith and Wesson, model SW40V, .40 caliber handgun, bearing serial number PAY6059,   Lorcin, model 380, handgun, bearing serial number 068806, a Kimber, model Custom II, handgun, bearing serial number k560759, a Sarsilmaz, model SARK2P, handgun, bearing serial number T110215C00562, a Taurus, model 66, revolver, bearing serial number J0215652, a Harrington and Richard, model 930, revolver, bearing serial number AJ37360, a Taurus, model 856, .38 special revolver, bearing serial number CT78711, a Springfield, Model XDM, handgun, bearing serial number MG189397, a Raven, model MP-25,

17

handgun, bearing serial number 132872, a Taurus, model Spectrum, .380 handgun, bearing serial

number 1F148726, a Hi-Point, model 995, rifle, bearing serial number F32604, a Derya Arms,

model VR-60, shotgun, bearing serial number R046763, and an Essential Arms, model J15, rifle,

bearing serial number 25514, after knowingly having been convicted of a crime punishable by a

term of imprisonment exceeding one (1) year, to wit: a felony Possession of Methamphetamine

offense in Vanderburgh County, Indiana, under cause number 82D02-1304-FD-00509 on or

about July 22, 2013.

All of which is in violation of Title 18, United States Code, Section 922(g)(1).

## Count Eleven

[26 U.S.C. § 5861(d) - Possession of a Sawed-Off Shotgun]

The Grand Jury further charges that:

On or about November 19, 2019, in Vanderburgh County, in the Southern District of

Indiana, GARY WAYNE FORSTON, a defendant herein, knowingly possessed a sawed-off

shotgun, more particularly described as a Mossberg 12 gauge shotgun, bearing serial number

J333721, a firearm having a barrel of less than 18 inches in length –which is not registered to

him in the National Firearms Registration and Transfer Record.

All of which is in violation of Title 26, United States Code, Section 5861(d).

## Count Twelve

[21 U.S.C. § 841 – Possess with the Intent to Distribute Methamphetamine]

The Grand Jury further charges that:

On or about November 19, 2019, in Vanderburgh County, in the Southern District of

Indiana, GARY WAYNE FORSTON, a defendant herein, possessed with the intent to distribute

a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

All of which is in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

## Count Thirteen

[21 U.S.C. § 841 – Possess with the Intent to Distribute Methamphetamine]

The Grand Jury further charges that:

On or about November 19, 2019, in Vanderburgh County, in the Southern District of Indiana, ADAM LAFFERTY, a defendant herein, possessed with the intent to distribute a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

All of which is in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## Count Fourteen

[21 U.S.C. § 841 –Distribution of Methamphetamine]

The Grand Jury further charges that:

On or about May 20, 2019, in Vanderburgh County, in the Southern District of Indiana, PAUL OVERBY, a defendant herein, knowingly distributed methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

All of which is in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

**Count Fifteen**

[21 U.S.C. § 841 –Distribution of Methamphetamine]

The Grand Jury further charges that:

On or about May 22, 2019, in Vanderburgh County, in the Southern District of Indiana, PAUL OVERBY, a defendant herein, knowingly distributed methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

All of which is in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

**FORFEITURE**

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendants notice that the United States will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Sections 924(d), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

2.      Pursuant to Title 18, United States Code, Section 924(d), if convicted of one or more of the offenses set forth in this Superseding Indictment, the defendants shall forfeit to the United States "any firearm or ammunition involved in" the offenses.

3.      Pursuant to Title 21, United States Code, Section 853, if convicted of one of the offenses set forth in this Superseding Indictment, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

20

4.      The property subject to forfeiture includes, but is not necessarily limited to, the following:

a.      one Ruger .380 caliber handgun, Model ACP, bearing serial number 372051106,

b.      one Mossberg 12 gauge shotgun, bearing serial number J333721,

c.      one Smith and Wesson, model SW40V, .40 caliber handgun, bearing serial number PAY6059,

d.      one Lorcin, model 380, handgun, bearing serial number 068806,

e.      one Kimber, model Custom II, handgun, bearing serial number k560759,

f.      one Sarsilmaz, model SARK2P, handgun, bearing serial number T110215C00562,

g.      one Taurus, model 66, revolver, bearing serial number J0215652,

h.      one Harrington and Richard, model 930, revolver, bearing serial number AJ37360,

i.      one Taurus, model 856, .38 special revolver, bearing serial number CT78711,

j.      one Springfield, Model XDM, handgun, bearing serial number MG189397,

k.      one Raven, model MP-25, handgun, bearing serial number 132872,

l.      one Taurus, model Spectrum, .380 handgun, bearing serial number 1F148726,

m.      one Hi-Point, model 995, rifle, bearing serial number F32604,

n.     one Derya Arms, model VR-60, shotgun, bearing serial number R046763,

o.     one Essential Arms, model J15, rifle, bearing serial number 25514,

p.     one Taurus, model PT738TCP, .380 handgun, bearing serial number 39579D,

q.     one Beretta, model 86, .380 handgun, bearing serial number G11631Y,

r.     one Taurus, model P738 TCP, .380 handgun, bearing serial number 39579D,

s.     one Auto Ordinance West Hurly, model Thompson 1927 A-1, .40 caliber rifle, bearing serial number KM7019.

t.     all ammunition recovered with the firearms,

u.     $2,507 in United States currency seized on or about June 15, 2019,

v.     $6,333 in United States currency seized on or about November 19, 2019 from a location on East Diamond Avenue, Evansville, Indiana,

w.     $1,328 in United States currency seized on or about November 19, 2019 from a location on Harmony Way, Evansville, Indiana,

x.     $260 in United States Currency seized on or about November 19, 2019 from a location on Culverson Avenue, Evansville, Indiana,

y.     the Grim Reaper Motorcycle Club Clubhouse located at 1104 East Diamond Avenue, Evansville, Indiana, and

z.     one 2005 Harley Davidson motorcycle, bearing Indiana registration plate number GRMCFE.

5.     The United States shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), if any of the property described above in paragraph 4, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty.

6.   In addition, the United States may seek civil forfeiture of the property described above in paragraph 4 pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
United States Attorney

By:

Frank E. Dahl III
Assistant United States Attorney

23